UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WESTBROOK,

                Petitioner,

v.                                                    Case Number 11-13293
                                                    Honorable David M. Lawson

CINDI CURTIN,

                Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

The petitioner, William Westbrook, presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted on June 9, 2008 of three counts of first-degree criminal sexual conduct. He was sentenced to concurrent prison terms of twenty-five to thirty-seven and a half years. The Michigan Court of Appeals affirmed his convictions on October 15, 2009. The Michigan Supreme Court denied leave to appeal on April 2, 2010 and denied reconsideration on May 25, 2010. In his habeas petition, filed timely on July 28, 2011, the petitioner alleges three violations of his constitutional rights during the state court proceedings. Two of these claims were raised on direct appeal before both the Michigan Court of Appeals and the Michigan Supreme Court.

Currently pending before the Court is the petitioner's motion to hold his habeas petition in abeyance. The petitioner wants to add new claims to his habeas petition and seeks a stay of his habeas petition while he pursues state remedies for those claims.

State prisoners must exhaust available state remedies for their claims before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their

claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes "one complete round of the State's established appellate review process," including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 846. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The petitioner requests the opportunity to return to state court to exhaust new claims before presenting them to this Court. A dismissal of this action at this time would result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). The petitioner could not raise his claims in a second petition without permission from the court of appeals, which would apply strict standards when determining whether to allow a second or subsequent petition. *See* 28 U.S.C. § 2244(b)(2); *Durr v. Cordray*, 602 F.3d 731, 737 (6th Cir. 2010). In light of this dilemma, courts are not precluded from

> retain[ing] jurisdiction over a meritorious claim and stay[ing] further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). A stay and order of abeyance, however, is "available only in limited circumstances," such as

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The petitioner's new claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. In addition, the petitioner has shown good cause for not raising his claims on direct appeal by asserting that his trial and appellate counsel failed to do so. The petitioner's motion, therefore, will be granted.

Accordingly, it is **ORDERED** that the petitioner's motion to hold this case in abeyance [dkt. # 9] is **GRANTED**.

It is further **ORDERED** that the petition for writ of habeas corpus is **HELD IN ABEYANCE**. The petitioner may file a motion for relief from judgment in the state trial court **on or before April 26, 2012**. If the petitioner fails to file a motion for relief from judgment by that date, the Court will revive the petition for writ of habeas corpus and proceed to adjudicate the existing claims.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this Court that such papers have been filed. The case shall then be held in abeyance pending the

petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one (21) days** thereafter.

If the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties, the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter or an adjudication of the merits.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: February 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2012.

    s/Deborah R. Tofil
    DEBORAH R. TOFIL