UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WESTBROOK,

                 Petitioner,             Case Number 11-13293
                                               Honorable David M. Lawson

v.

CINDI CURTIN,

                 Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner William Westbrook was found guilty of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a)&(b), at a bench trial in the Wayne County, Michigan circuit court. He was sentenced to three concurrent prison terms of 25 to 37½ years, and, after finding no relief in the state appellate courts, filed the present *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Westbrook contends that (1) insufficient evidence was presented at the petitioner's trial to show that the charged acts occurred when the complainant was under thirteen years old, (2) the trial court's findings of fact were insufficiently specific to sustain the verdict, and (3) he was denied the effective assistance of counsel when his lawyer failed to investigate the credibility of the prosecution witnesses and did not call the petitioner's mother as a defense witness. The Court finds that no federal constitutional violation occurred in the petitioner's state court prosecution. Therefore, the Court will deny the petition.

I.

The complainant testified at trial that the petitioner, her biological father, made her perform oral sex on him from the time she was eleven years old until she was thirteen years old. She was

fourteen years old at the time of trial.  The assaults took place in the petitioner's bedroom and the basement of her grandmother's house, where the petitioner lived.

The assaults occurred during visits with her father.  The girl testified at trial that the petitioner would tell her to sit down and then he would put his penis in her mouth. After she did, something white would come out of his penis, and the petitioner would wipe it away with a tissue. She estimated that this happened to her about seven times.  The last incident happened when she was thirteen years old in the month of February.

The complainant testified that the petitioner also attempted to have intercourse with her four times.  He would put her on her stomach and would attempt to put his penis into her vagina.  She also testified that he performed cunnilingus on her on two occasions.  The complainant explained that she did not tell her mother about any of the incidents because she did not want her father to get into trouble.

On one occasion the complainant spoke with the petitioner on the phone while her mother, Tamiko Weatherspoon, was in the room.  Weatherspoon testified that the complainant looked nervous, so she put her ear to the phone and began listening.  She heard the petitioner ask the complainant if she wanted him to stop what he was doing to her.  The complainant responded that she wanted him to stop.  Weatherspoon heard the petitioner respond that he really missed it and loved it. Following the conversation, Weatherspoon asked her daughter what had been happening with the petitioner.  At first the complainant was hesitant, but she ultimately told her about the assaults.  Weatherspoon then took her daughter to the police station where she spoke to some officers.  A few days later she went to a doctor for an examination, and she told the doctor what had happened.

-2-

The petitioner testified in his own defense.  He denied engaging in any of the sexual activities with his daughter, and he denied Weatherspoon's account of the telephone conversation.

The trial court found that the complainant was "a totally credible witness" and found the petitioner guilty of three counts of first-degree criminal sexual conduct.  Following his conviction and sentence, the petitioner filed a claim of appeal in the Michigan Court of Appeals.  His appellate brief raised the following issues:

> I.     Whether the prosecution failed to present sufficient evidence that the complainant was a person less than 13 years of age when the alleged sexual conduct occurred contrary to defendant's constitutional right to due process.
>
> II.    Whether the trial court abused its discretion and clearly erred in failing to make specific findings of fact regarding the complainant's age at the time of the alleged offenses and failed to apply the correct law regarding the complainant's age.

The Michigan Court of Appeals affirmed the convictions in an unpublished opinion.  *People v. Westbrook*, 2009 WL 3323323, at *2 (Mich. Ct. App. Oct. 15, 2009).  The Michigan Supreme Court denied leave to appeal.  *People v. Westbrook*, 486 Mich. 854, 780 N.W.2d 295 (2010).

The petitioner then filed this action, and subsequently he filed a motion to stay the case so that he could return to the state court and exhaust an ineffective assistance of counsel claim. The motion was granted, and this case was stayed and held in abeyance.  The petitioner then returned to the state trial court and filed a motion for relief from judgment, arguing that trial counsel was constitutionally ineffective because he did not investigate the credibility of the state's witnesses and call his mother to testify at trial, and appellate counsel was ineffective when he did not raise trial counsel's ineffectiveness, and cited inappropriate legal precedent in the Michigan Supreme Court.

On May 8, 2012, the trial court issued an order denying the motion for relief from judgment, finding that the petitioner had not demonstrated that any of his attorneys had provided ineffective

assistance of counsel.  The petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, but it was denied "for failure to establish entitlement to relief under Mich. Ct. R. 6.508(D)." *People v. Westbrook*, No. 310459 (Mich. Ct. App. Nov. 8, 2012). The Michigan Supreme Court likewise denied leave to appeal.  *People v. Westbrook*, 494 Mich. 881, 833 N.W.2d 920 (2013).

The petitioner returned to this Court with an amended habeas petition raising the claims presented to the state court on direct appeal and in his post-conviction motion.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  Because Westbrook filed his petition after the AEDPA's effective date, its standard of review applies.  Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions."  *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted).  "As a condition for obtaining habeas

corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner argues that the prosecutor presented insufficient evidence to sustain his conviction for first-degree criminal sexual conduct because there was a lack of proof that the complainant was under thirteen years old at the time of the offenses.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In a habeas corpus proceeding, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16)).

Under Michigan law, the elements of first-degree criminal sexual conduct, as charged in this case, are that the defendant engaged in sexual penetration with another person who was under thirteen years of age. Mich. Comp. Laws § 750.520b(1)(a); *People v. Hammons*, 210 Mich. App. 554, 557 (1995). The Michigan Court of Appeals held that sufficient evidence was presented to prove these elements beyond a reasonable doubt, stating:

> Defendant was convicted primarily on the testimony of the victim, who was 14 years old at the time of trial. Defendant argues that insufficient evidence was presented to establish the age element of the crime. Specifically, defendant argues that the victim's testimony was the only evidence indicating the victim was 11 when the abuse started, and the lack of corroborating evidence necessitates reversal. We disagree. Pursuant to MCL 750.520h, the testimony of the victim in a prosecution under MCL 750.520b(1)(a) does not need to be corroborated. Moreover, "the most

-6-

direct evidence in the majority of cases will be the complainant's testimony itself." *People v. Morey*, 461 Mich. 325, 337; 603 NW2d 250 (1999).

Questions of credibility and intent are left for the trier of fact to resolve, and we will not interfere with those findings unless they are clearly erroneous. *People v. Avant*, 235 Mich.App 499, 506; 597 NW2d 864 (1999); MCR 2.613(C). Here, the trial court found the victim to be "a totally credible witness," and the record supports that finding. On both direct and cross-examination, the victim stated that the first incident of sexual abuse, which involved defendant forcing her to perform fellatio on him, occurred when she was 11 years old. Defendant has failed to demonstrate that the trial court's findings were clearly erroneous.

*Westbrook*, 2009 WL 3323323, at *1.

The petitioner faces a steep climb to establish that the state court's discussion of the evidence unreasonably applied the *Jackson* standard in this case. "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Ibid*. The *Jackson* standard is "exceedingly general," and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

The complainant testified both on direct examination and during cross examination that the sexual assaults began when she was eleven years old. She testified that the last of the approximately seven assaults occurred when she was thirteen years old. The evidence of the complainant's age was

-7-

based only on her recollection, but that is enough, and the state courts' gloss of the evidence was reasonable. It certainly was "beyond any possibility of fairminded disagreement." *Harrington*, 562 U.S. at 103. No relief is warranted on this claim.

B.

The petitioner next contends that the trial court's factual findings and conclusions of law at the close of the bench trial were insufficient to support his convictions because the trial court stated the complainant "was less than 15 years old."

Under Michigan law, a judge presiding over a criminal bench trial is required to make findings of fact and conclusions of law. *People v. Shields*, 200 Mich. App. 554, 558 (1993). The Michigan Court of Appeals denied relief on this claim believing that the comment reflected "nothing more than a misstatement, if not a transcription error." *Westbrook*, 2009 WL 3323323, at *1.

But even acknowledging the error, the petitioner is not entitled to habeas relief. Before the writ can issue, this Court must find that the state trial court's failure to articulate adequately its finding on the complainant's age deprived the petitioner of constitutionally mandated due process. However, the petitioner cites no authority, and the Court is aware of none, establishing that the Due Process Clause requires a trial court judge, sitting as a trier of fact in a criminal trial, to make specific findings as to each element of a crime. The absence of such authority was noted by another judge in this district, *see Kircher v. Scutt*, 12-14477, 2014 WL 354648, at *14 (E.D. Mich. Jan. 31, 2014), and by the Sixth Circuit, *Wofford v. Straub*, 27 F. App'x 517, 520 (6th Cir. 2001). And Supreme Court precedent suggests the opposite to be true. *See Harris v. Rivera*, 454 U.S. 339, 344 (1981) ("Although there are occasions when an explanation of the reasons for a decision may be

required by the demands of due process, such occasions are the exception rather than the rule."
(footnotes omitted)).

Therefore, even if the trial court failed to articulate findings on each of the elements of first-degree criminal sexual conduct, no constitutional violation warranting habeas corpus relief has been shown.

C.

The respondent contends that the petitioner's ineffective assistance of counsel claims ought not to be reviewed on the merits because they were not preserved properly in state court. The Court finds it unnecessary to address the question of procedural default. It is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). "[A] defendant must show both deficient performance and prejudice in order to prove that he has received ineffective assistance of counsel." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner must show "a reasonable probability that, but

-9-

for counsel's unprofessional errors, the result of the proceeding would have been different.  A

reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at

694.

Because of the high deference accorded state court determinations by AEDPA, establishing

that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the

Sixth Amendment, is difficult.  The Supreme Court explained in *Richter* that

> "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*,
> 559 U.S. 356, 372 (2010). . . . The question is whether an attorney's representation
> amounted to incompetence under "prevailing professional norms," not whether it
> deviated from best practices or most common custom.  *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under §
> 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d)
> are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7
> (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556
> U.S., at 123.  The *Strickland* standard is a general one, so the range of reasonable
> applications is substantial.  *Ibid*.  Federal habeas courts must guard against the
> danger of equating unreasonableness under *Strickland* with unreasonableness under
> § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions
> were reasonable.  The question is whether there is any reasonable argument that
> counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105.

In other words, on habeas review, "[t]he question 'is not whether a federal court believes the

state court's determination' under the *Strickland* standard 'was incorrect but whether that

determination was unreasonable — a substantially higher threshold.'"  *Knowles*, 556 U.S. at 123

(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  Moreover, "because the *Strickland*

standard is a general standard, a state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard."  *Ibid*. (citing *Alvarado*, 541 U.S. at 664).

-10-

The claim of ineffective counsel is based on the petitioner's belief that his lawyer should have done more to investigate the credibility of his daughter, and he should have called his mother as a witness.  In support, the petitioner presented his mother's affidavit.  The affidavit states that the petitioner's mother  spoke with his trial attorney about testifying, and  "that affiant had information of other possible witnesses that could possibly testify at William Westbrook's trial for his defense. That affiant could testify that William Westbrook was possibly getting set up by the prosecution witnesses."  Memorandum of Law in Support of Motion for Relief From Judgment, [Dkt. #15-5] at 20.

The trial court rejected the petitioner's ineffective assistance of counsel claim on the merits:

> The defendant does not say what witnesses his attorney should have presented at this trial nor did he attach affidavits from any of the alleged witnesses showing how they might have testified if they were called.  The defendant attached an affidavit from his mother, Ernestine Westbrook, that avers that she told the trial attorney she had information about other witnesses who could possibly testify that the defendant was setup by the complainant and her mother.  The affidavit states that Ms. Westbrook was willing to testify but the attorney never called her at the trial.  The defendant bears the burden of persuading this court that he was denied a defense at his trial due to his attorney's deficient representation.  His motion fails to present any facts or name any alleged witnesses to support his claim beyond the vague statements in the affidavit.  The defendant's trial counsel was not ineffective for not calling some unknown witnesses who might have testified about some 'possible' setup and therefore her affidavit contains only hearsay statements which are not admissible at trial.

Order Denying Motion for Relief From Judgment, [dkt. #15-4] at 2-4.

It is well established that the failure to call favorable witnesses can amount to ineffective assistance when it results in prejudice to the defense.  *See, e.g., Towns v. Smith*, 395 F.3d 251, 258–60 (6th Cir.2005) (holding that counsel was ineffective by failing to call a witness who could have created an alternative theory of the case).  But "defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." *Millender v.*

-11-

*Adams*, 376 F.3d 520, 527 (6th Cir. 2004) (quotation marks and citation omitted).  The Court's "concern is not to decide, using hindsight, what [it] think[s] would have been the *best* approach at trial.  Instead, [the Court] . . . consider[s] only if the approach ultimately taken was within 'the wide range of reasonable professional assistance' given the circumstances." *English v. Romanowski*, 602 F.3d 714, 728 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689).

Determining defective performance in the face of an allegation that counsel failed to call a witness may include an assessment of the missing witness's testimony.  The strength of the potential testimony is a factor in determining defense counsel's decision not to call the witness."  Under *Strickland*, defense counsel's "decision not to investigate [further] must be . . . assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Sykes v. Wolfenbarger*, 448 F. App'x 563, 568 (6th Cir. 2011) (quoting *Strickland*, 466 U.S. at 691).  This inquiry may tend to blend with the prejudice element.

To establish prejudice from counsel's failure to investigate or call a potential witness, a petitioner must show that had the witness testified, "the result of the proceeding would have been different." *Landrum v. Mitchell*, 625 F.3d 905, 921 (6th Cir. 2010) (quoting *Strickland*, 466 U.S at 694).  Here, the petitioner presents no affidavit or any other evidence establishing what additional witnesses would have said.  The petitioner's mother's affidavit merely hints at "possible" witnesses, who might have testified that the petitioner was "possibly" set-up.  Such vague and unsupported allegations fall far short of establishing prejudice under the *Strickland* standard. *Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petition did not "introduce[] affidavits or any other evidence establishing what they would have said.").  In light of the record and allegations the

-12-

petitioner presented to the trial court in his motion for relief from judgment, the state courts'
rejection of the claim did not result in an unreasonable application of clearly established Supreme
Court law.  Habeas relief is denied on this claim.

III.

For the reasons stated, the Court finds that the petitioner has not established that he is in
custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 13, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on July 13, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI